Cephas Mead & another *vs.* The City of Boston.

The defendants having offered a reward, for the detection and conviction of any person who might be guilty of feloniously setting fire to any building in the city of Boston; and the plaintiffs claiming the reward, on the ground of the detection and conviction of a person, for wilfully and maliciously setting fire to and burning, in the daytime, a building, formerly used and occupied as a carpenter's shop, but then in the process of being altered, adapted and designed to be converted and made into a dwelling-house, and not yet finished; it was held, that the court could not infer, from this description, that the burning was felonious.

In an action to recover a reward for the detection and conviction of an offender, the record of conviction is not conclusive evidence of his guilt.

This was an action of assumpsit, tried before *Wilde*, J., at the November term, 1847, for the recovery of two thousand dollars, being the amount of a reward offered by the mayor of Boston, in the following terms: —

"2000 Dollars Reward. By virtue of the authority vested in me. by the city council, I hereby offer a reward of two thousand dollars for the detection and conviction of any person who may be guilty of feloniously setting fire to any building in the city of Boston, during the remainder of this year. Josiah Quincy, Jr., Mayor. Boston, Feb. 6, 1846."

In order to show the mayor's authority for offering this reward, the plaintiffs introduced the proceedings of the board

of aldermen; they also gave evidence of the publication of the offer, with the signature of the mayor thereto: and this evidence was received without objection.

A record of a judgment of the municipal court, at the July term, 1846, was introduced by the plaintiffs, from which it appeared, that one James Donald, otherwise called O'Donnell, and one William Nolan, were indicted for maliciously setting fire to a certain building in East Boston; that the former was convicted and sentenced to the house of reformation for juvenile offenders; that the jury were unable to agree as to Nolan; and that a *nolle prosequi* as to him was entered by the prosecuting officer.

The indictment alleged, that the defendants therein named, on the 11th of June, 1846, in the daytime, at Boston, and in that part thereof called East Boston, a certain building of another, &c., there situate, to wit, a certain building formerly used and occupied as a carpenter's shop, but then being in the process of being altered, adapted and designed to be converted and made into a dwelling-house, and not then yet finished, as a dwelling-house, did wilfully and maliciously set fire to and burn, &c.

The plaintiffs also introduced evidence to show, that they detected and caused the arrest and conviction of Donald; that they subsequently made a demand on the mayor for the reward; and that payment thereof was refused.

Here the plaintiffs rested their case, and the defendants offered to prove : --

1. That Donald was not guilty of feloniously setting fire to the building, as alleged in the indictment on which he was convicted; that the conviction in the municipal court was erroneous in point of fact; that he had since been discharged from the house of correction, by order of the judge before whom his trial took place, and had received a full pardon from the governor; and that a material witness was kept from the trial, by reason of which the conviction took place.

2. That Mead and Avery, the plaintiffs, and the wife of Mead and the sister of Avery were the main witnesses against

Donald, without whose testimony he would not have been convicted.

The plaintiffs objected to the introduction of this testimony, on the ground, that the record of conviction was conclusive; but stated, that if the evidence was admitted, they would prove, that Donald was guilty of feloniously setting fire to the building, and that the conviction was right; that there were other and material witnesses, on the trial, than Mead and Avery, and the wife of Mead and sister of Avery.

The judge rejected the evidence offered by the defendants, and ruled, that the record of conviction was conclusive upon the defendants as to the facts there in issue, and that those facts could not be revised in this case.

A verdict was accordingly rendered for the plaintiffs, for the sum claimed by them, together with interest from the time of the demand, amounting in the whole to $2·096 33. The defendants thereupon excepted to the ruling; and, if wrong, a new trial is to be granted.

SHAW, C. J. The city of Boston offered a very large reward for the detection and conviction of any person who might be guilty of *feloniously* setting fire to any building, &c. This offer of a reward was cautious and guarded. It contemplated that a person should be guilty, should be detected, and should be convicted of a felonious burning. Perhaps it is difficult to ascertain, as the law now stands, what was meant precisely by the word "felonious;" but it is manifest, from the magnitude of the reward, that it contemplated an incendiary act of an aggravated character.

No evidence was offered to prove the guilt of the person charged, except the conviction. The plaintiffs contended, that this was conclusive, and objected to the admission of any other evidence, and the court so ruled. On consideration, the court are of opinion, that although the record of conviction was competent evidence, because conviction, as well as guilt and detection, was to be proved, yet it was not conclusive. It is impossible to ascertain from this record, whether the offence was of a high and aggravated nature, or

simply the placing of a burning coal on some part of the building, by which the slightest actual combustion occurred. The charge against the defendants was, that, in the daytime, in the month of June, a certain building, formerly a shop, intended for a dwelling-house, and in the process of being fitted up for that purpose, they did wilfully and maliciously set fire to and burn. The slightest intentional ignition of the building, in whatever part of it, and however slight, would be sufficient to sustain this charge. It is impossible for the court to perceive, and there is no competent evidence to the jury to show, that this was a felonious burning.

But, upon the more general ground, we are strongly inclined to the opinion, that in no case is the conviction in a criminal case conclusive, because it may have been obtained upon the testimony of the plaintiff, or other persons interested. It is not the fact, that the verdict was or was not obtained upon the testimony of the plaintiff, or of some other party interested, that renders the conviction incompetent evidence, but it is rejected because it is *res inter alios;* and one reason why any person can be received as a witness in a criminal case is, that the conviction or acquittal cannot be used elsewhere, and between other parties. The admission, in a civil action, of a conviction on an indictment founded on a plea of *guilty*, is not an exception to this rule. That is received, not as a judicial act, having the force and effect of a judgment; but as a solemn confession of the very matter charged in the civil action. 1 Greenl. Ev. § 537.

*Verdict set aside, and a new trial ordered.*